Winnifred Guminski v. Commissioner. Joe Guminski v. Commissioner.
Guminski v. Commissioner
Docket Nos. 21409, 21410.
United States Tax Court
1951 Tax Ct. Memo LEXIS 313; 10 T.C.M. (CCH) 173; T.C.M. (RIA) 51051; February 28, 1951
*313 Nash R. Adams, Esq., Republic Bank Bldg., Dallas, Tex., and William P. Fonville, Esq., for the petitioners. D. Louis Bergeron, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: In these consolidated proceedings respondent determined income tax deficiencies for the calendar year 1945 as follows: Winnifred Guminski, $15,097.17, Joe Guminski, $15,067.16. The sole question for determination is whether respondent erred in failing to subtract from gross receipts, as cost of goods sold, the excess over the O.P.A. prices paid by petitioners for meat which they then sold through their wholesale meat business, known as Superior Wholesale Market, of Fort Worth, Texas. Other adjustments by the Commissioner are not contested by petitioners. Findings of Fact Some of the facts were stipulated and are so found. Evidence was also introduced. Petitioners, Joe and Winnifred Guminski, husband and wife, are residents of Fort Worth, Texas, and under the community property laws of Texas each filed a separate income tax return for the calendar year 1945 with the collector of internal revenue for the second district of Texas. Joe Guminski, *314 as head of the marital community, is herein referred to as petitioner. In the year 1945 petitioner was engaged in the wholesale meat business under the name of Superior Wholesale Market of Fort Worth, Texas, and in that year he received from the sale of meat the gross sum of $1,320,070.52. In the purchase of this meat for resale, petitioner paid prices therefor in excess of the ceiling prices then established by the Office of Price Administration. This sum in excess of O.P.A. prices was paid by petitioner in cash to various individuals, and amounted in the aggregate to $35,346.72. Respondent in effect determined that sums paid in "excess of over ceiling prices established by the Office of Price Administration" should be excluded in determining, for income tax purposes, the cost of goods sold, since such payments constitute "black market transactions." Opinion We have here the identical question passed upon adversely to respondent's contention in . We adhere to our holding in that case and accordingly hold that the sum of $35,346.72 paid in excess of O.P.A. ceiling prices by petitioners may be included by them in determining the cost *315 of goods in the computation of their taxable income. Decisions will be entered under Rule 50.